IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMPARO CHAPA, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | C.A. No. SA-04-CA-0347-RF |
| vs. | § § | JURY TRIAL DEMANDED |
| NORTH EAST INDEPENDENT SCHOOL DISTRICT, | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DECLARATION SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS**

Even though Defendant's are wrong on the appropriate controlling legal principles in this case and even though Defendant's attack on Plaintiff's declaration is irrelevant for purposes of determining whether a class of similarly situated victims of Defendant's widespread wage abuses exist and should be notified of this lawsuit, Plaintiff will nonetheless briefly address some of Defendant's concerns about the admissibility of Plaintiff's knowledge and testimony relating to Defendant's illegal practices.

By way of background, Representative Plaintiff Amparo Chapa, filed this collective action to challenge North East Independent School District's (hereinafter, "NEISD" or "Defendant") widespread illegal policy of failing to pay Plaintiff and all those similarly situated time and one-half their regular rate for all hours worked in excess of 40 hours per week and regularly requiring off-the-clock work. Seeking to inform other current and former NEISD teacher's aides and paraprofessionals of their right to be paid in accordance with the law, Plaintiff filed a motion for notice to potential class members

supported by a detailed sworn declaration, attesting to the existence of Defendant's widespread illegal policy.

Under Section 216(b) of the Fair Labor Standards Act, an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996). Plaintiff need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097. Importantly, in this regard Plaintiffs' claims and positions need not be identical to the potential opt ins, they need only be similar. *Grayson*, at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Foster v. The Food Emporium* 2000 WL 1737858 (S.D. N.Y.); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D. Ala. 1999).

At the notice stage, courts usually determine whether plaintiffs and potential opt ins are "similarly situated" based upon the allegations in a complaint supported by affidavits. *Grayson*, 79 F.3d at 1097; *Mooney*, 54 F.3d at 1213-14; *Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling v. Hoffman-Laroche, Inc.*, 118 F.R.D. 392, 406-07 (D.N.J. 1988), *aff'd* 493 U.S. 165, 110 S. Ct. 482 (1989). In this regard, Defendant's rebuttal evidence to Plaintiff's declarations does not bar section 216(b) notice, as plaintiff's substantial allegations need only successfully engage the employer's affidavits to the contrary. *Grayson*, 79 F.3d at 1099 n.17.

1. **NOTICE TO CURRENT AND FORMER NEISD EMPLOYEES IS APPROPRIATE DESPITE DEFENDANT'S UNSUPPORTED EVIDENTIARY OBJECTIONS**

   Representative Plaintiff has established that the category of employees sought to be included the potential class of Putative Class Members, e.g. current and former teacher's aides and paraprofessionals, is similarly situated. Incredibly, Defendant has objected to the declaration submitted by Plaintiff, but has failed to cite one single case dealing with the applicable evidentiary standards in the FLSA context or more particularly, the applicable standards which should be applied during the notice stage of such litigation. Instead, Defendant has essentially objected to Plaintiff's declaration on the grounds that it contains conclusory statements, hearsay and speculative commentary.

   First, in her declaration, Plaintiff stated that she was regularly required to work in excess of 40 hours each week without pay or "off the clock" and without receiving an appropriate amount of overtime compensation. *See generally* Plaintiff's Motion for Notice to Potential Class Members at Section II and Appendix to Plaintiff's Motion for Notice to Potential Class Members at Exhibit 1. Second, after describing NEISD's widespread violations of the FLSA, Plaintiff stated:

   > "As a result of this type conduct, my co-workers and I were paid for less time than we actually worked. Specifically, for the approximately 45 to 50 hours a week that my co-workers and I worked for NEISD during the school year, we rarely received overtime compensation or compensatory time. I know that my co-workers were subjected to the same or similar compensation scheme as I was, and were cheated out of their hard-earned wages each week, even though NEISD benefited from our services. I have spoken with other teacher's aides and paraprofessionals and at other NEISD schools who have told me that they were subjected to this same type of conduct and were not paid all of their wages each week.

> The actions taken by NEISD are of part of a widespread, pattern and practice of abuse. As a former teacher's aide and paraprofessional for NEISD, I know that other similarly situated individuals were subjected to the same practice of not being paid all of their overtime hours or wages. I have personal knowledge that these employees were subjected to these same practices as I was, since my co-workers worked under these same conditions on a daily basis. I believe there are many current and former teacher's aides and paraprofessional who worked for NEISD who may be interested in joining a collective action to recover for unpaid overtime and wages."[1]

Contrary to Defendant's assertion, in any lawsuit, a witness, such as Plaintiff, **may** offer non-expert opinion testimony which is rationally based on the perception of the witness. FED. R. EVID. 701.(emphasis added). Specifically, this rule allows "a lay witness to draw straightforward conclusions from observations informed by their own experience." *U.S. v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002)(citations omitted). The fact that lay opinion testimony bears on the ultimate issue in this case does not render the testimony inadmissible. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2nd Cir. 1997); *see also* FED. R. EVID. 704(a). Additionally, it should be noted that Plaintiff's statements are not hearsay (as Defendant generally contends) because they are "statements by [party's] agent concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FED. R. EVID. 801(d)(2)(D).[2]

It is not surprising that courts have permitted plaintiffs to testify regarding the similarity of their co-workers job duties in determining whether to grant a motion for

---

[1] *See* Chapa Declaration at ¶¶5-6.

[2] If the appropriate agency or master/servant relationship is shown, FED. R. EVID. 801(d)(2)(D) requires only that the statement "concern a matter within the scope of the agency or employment." *Nekolny v. Painter*, 653 F.2d 1164 (7th Cir. 198), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982); *Corley v. Burger King Corp.*, 56 F. 3d 709, 710 (5th Cir. 1995).

notice to potential class members. *See, e.g., Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 2002 WL 3139112 (N.D. N.Y. December 18, 2002); *Barron v. Henry County School System*, 242 F.Supp.2d 1096 (M.D. Ala. 2003) (affidavit stating employee "is aware" of other individuals who worked more than forty hours and were not paid overtime was properly considered in determining whether to issue notice); *August v. Beaumont Independent School District,* Civil Action No. 1:03CV787 (E.D. Tex. July 16, 2004)(J. Crone)(granting district-wide notice to all custodians, cafeteria workers, bus drivers, teacher's aides, maintenance employees, attendance clerks, and receptionists despite Defendants' evidentiary objections to Plaintiffs' declarations); *Williams v. Dallas Independent School District*, Civil Action No. 3:04-CV-00396-N (N.D. Tex. July 23, 2004)(J. Godbey)(granting district-wide notice to all custodians based on the declaration and the beliefs of one former custodian and in spite of Defendant's evidentiary objections).

By way of example, in *Roebuck* the plaintiff offered an affidavit which (after describing his own job duties like the plaintiff in this lawsuit) stated that:

> "I observed that other employees at the packing shed did work that was the same or similar to the work I did. I also observed that these employees also frequently worked over 40 hours per week and that they were not paid overtime wages at the rate of time and one-half."

*Roebuck*, 2002 WL 3139112, *3. Like NEISD has done here, the defendant in *Roebuck* objected to the plaintiff's affidavit on the basis that the plaintiff lacked personal knowledge of the other employees' job duties. *Id.* In rejecting the defendant's argument, the *Roebuck* court specifically noted that such testimony is "sufficient to constitute a **<u>preliminary</u>** showing that plaintiffs and potential plaintiffs were victims of a common

policy or plan that violated the law." *Id.* (emphasis added). [3] Accordingly, because Plaintiff's declaration is rationally based on the Plaintiffs own perceptions as a NEISD teacher's aide and paraprofessional, and undoubtedly concerns matters within the scope of her employment, her testimony should be admissible and Defendant's objections should be overruled. FED. R. EVID. 701; *U.S. v. Edwards*, 303 F.3d at 618.

Finally, although Defendant has generally objected to the detailed statements contained in the declaration submitted by Plaintiff, it is undisputed that for purposes of issuing notice, Plaintiff's declaration has successfully engaged Defendant's declarations to the contrary. *Grayson*, 79 F.3d at 1099.

### CONCLUSION

In order to facilitate the purposes of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiff to potential plaintiffs. Plaintiff has met her burden to show that other similarly situated individuals exist and are interested in asserting their claims. Similarly, because Plaintiff's detailed declaration contains straightforward conclusions which are based on her observations and substantiated by her own experiences, this Court should overrule Defendant's objections.

---

[3]    *See also Taillon v. Kohler Rental Power*, 2003 U.S. Dist. Lexis 7275, *5 (N.D. Il 2003)(court denied defendants motion to strike affidavit (asserting similar claims as NEISD) and granted notice because the plaintiffs' declarations, coupled with the allegations in plaintiff's complaint were sufficient to meet the lenient notice requirement under section 216(b)).

Respectfully submitted,

FIBICH, HAMPTON & LEEBRON, L.L.P

By: _____
Michael A. Josephson
State Bar No. 24014780
Five Houston Center
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)
www.fibichhampton.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL
Kenneth T. Fibich
State Bar No. 06952600
**FIBICH, HAMPTON & LEEBRON, L.L.P.**
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing motion has been served on Defendant NEISD via overnight mail on this 3rd day of September 2004.

_____
Michael A. Josephson

- 7 -